

☐ ORIGINAL

FILED
JUN 2 8 2007
RICHARD W. WIEKING
CLERK, U.S. DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ROBERT HENDERSON, | ) |
| Plaintiff(s), | ) No. C07-2693 BZ |
| v. | ) ORDER DISMISSING COMPLAINT WITH LEAVE TO AMEND AND REQUIRING AN AMENDED APPLICATION TO PROCEED *IN FORMA PAUPERIS* |
| ALAMEDA COUNTY MEDICAL CENTER, et al., | ) |
| Defendant(s). | ) |

Plaintiff has applied to proceed *in forma pauperis*, pursuant to 28 U.S.C. § 1915(a). In his May 21, 2007 complaint, plaintiff seeks relief under the California Tort Claims Act, Cal. Gov't Code § 900 *et seq*; the Americans with Disabilities Act of 1990, 42 U.S.C. § 12101; 42 U.S.C. § 1983; and the due process requirements of the U.S. Constitution. Having reviewed the application and complaint, I find that plaintiff has failed to include enough information to allow me to conduct a proper evaluation of his application to proceed *in forma pauperis*. Additionally, I find that plaintiff has failed to state a claim upon which relief can be granted.

Under 28 U.S.C. § 1915(a), the Court is permitted to

Copies Mailed to
Parties of Record

waive the applicable case filing fee ($350) if plaintiff demonstrates that he is unable to pay it. Plaintiff's application to proceed in forma pauperis lists monthly Veterans' Benefit income of $2,741, and monthly expenses of $1,416, leaving a remainder of $1,055 per month. Plaintiff's income, $29,652 per year, is $19,442 above the federally-defined poverty level of $10,210.[1] See Annual Update of the HHS Poverty Guidelines, 72 Fed. Reg. 15,3147. Although plaintiff lists $37,000 in personal debts, he provides no details of his obligation to repay those debts, nor does he describe the impact of those debts on his monthly income. Plaintiff also lists other monthly expenses, but does not state how much those expenses are. These defects must be cured before I can meaningfully evaluate plaintiff's eligibility to proceed in forma pauperis.

I am required to dismiss plaintiff's complaint if at any time I determine that it fails to state a claim upon which relief can be granted. See 28 U.S.C. § 1915(e)(2)(B)(ii). Construed liberally, plaintiff's complaint does not allege facts sufficient to state a claim. Plaintiff cannot bring a petition for relief under Cal. Gov't Code. § 946.6 to this court, as that statute restricts such petitions to a "superior court that would be a proper court for the trial of an action on the cause of action to which the claim relates." Cal. Gov't Code. § 946.6 (2007). Both the language of the statute and

---

[1] Contrary to a note in plaintiff's application, 38 U.S.C. § 5301(a)(1) does not exempt Veterans' Benefits from court filing fee requirements.

2

1 | case law make clear that the proper venue for a petition under
2 | § 946.6 is in a *state* superior court.  Id.; see also Hernandez
3 | v. McClanahan, 996 F. Supp. 975, 977-78 (N.D. Cal. 1998);
4 | Luers v. Smith, 941 F. Supp. 105, 107-08 (C.D. Cal. 1996).
5 | And until plaintiff successfully petitions a proper state
6 | court for relief under § 946.6, he cannot bring state tort
7 | claims in this court via supplemental jurisdiction.
8 | Hernandez, 996 F. Supp. at 979.
9 |     Plaintiff also fails to allege any facts to support his
10 | federal claims under the ADA and the due process clause.[2]  The
11 | mere recitation of text from the ADA is not enough to satisfy
12 | the pleading requirements of Federal Rule of Civil Procedure
13 | 8(a)(2).  Nor does plaintiff supply facts to support his due
14 | process claim.  Plaintiff must give defendants fair notice of
15 | the grounds on which the complaint is based.  See Holgate v.
16 | Baldwin, 425 F.3d 671, 676 (9th Cir. 2006).  Plaintiff's
17 | allegations are not supported by facts and, therefore, fail to
18 | satisfy this basic requirement.
19 |     Because I find that plaintiff's complaint fails to state
20 | a claim upon which relief may be granted, **IT IS HEREBY ORDERED**
21 | that plaintiff's complaint is **DISMISSED WITH LEAVE TO AMEND**.
22 | In deciding whether to amend, plaintiff should consider

---

[2] 42 U.S.C. § 1983 is not itself a sources of substantive rights, but merely provides a method of vindicating federal rights conferred elsewhere. See Graham v. Connor, 490 U.S. 386, 393-94 (1989) (quoting Baker v. McCollan, 443 U.S. 137, 144 n.3 (1979)).  Plaintiff may have intended to allege section 1983 as a vehicle for vindicating his due process rights, but the face of the complaint is unclear.  Plaintiff should clarify this claim should he choose to amend his complaint.

3

```
 1  whether it would be to his advantage to file in state court to
 2  have his §946.6 claim determined.  However, if plaintiff
 3  desires to proceed with this lawsuit, he must file an amended
 4  complaint by July 27, 2007.  The amended complaint should be a
 5  short, legible statement in plain English that clearly states
 6  the facts that form the basis for his suit against each
 7  defendant.  In amending his complaint, plaintiff may wish to
 8  consult a manual the court has adopted to assist pro se
 9  litigants in presenting their case.  This manual is available
10  in the Clerk's Office and online at: www.cand.uscourts.gov.
11       If plaintiff chooses to file an amended complaint, IT IS
12  HEREBY ORDERED that at the time of that filing he shall either
13  file an amended application to proceed in forma pauperis, or
14  pay the normal filing fee of $350.  Any amended application to
15  proceed in forma pauperis should address the questions raised
16  in this Order.  If plaintiff does not comply with this Order,
17  the complaint may be dismissed pursuant to 28 U.S.C. §
18  1915(e)(2)(B).
19  Dated: June 28, 2007
20                          _____
21                                    Bernard Zimmerman
                                United States Magistrate Judge
22  G:\BZALL\-BZCASES\HENDERSON\DENY IFP AND DISMISS.wpd
```

4

UNITED STATES DISTRICT COURT

FOR THE

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ROBERT HENDERSON,<br><br>             Plaintiff,<br><br>     v.<br><br>ALAMEDA COUNTY MEDICAL CENTER<br>et al,<br><br>             Defendant. _____/ | Case Number: CV07-02693 BZ<br><br>**CERTIFICATE OF SERVICE** |

I, the undersigned, hereby certify that I am an employee in the Office of the Clerk, U.S. District Court, Northern District of California.

That on June 28, 2007, I SERVED a true and correct copy(ies) of the attached **ORDER DISMISSING COMPLAINT WITH LEAVE TO AMEND AND REQUIRING AN AMENDED APPLICATION TO PROCEED IN FORMA PAUPERIS**, by placing said copy(ies) in a postage paid envelope addressed to the person(s) hereinafter listed, by depositing said envelope in the U.S. Mail, or by placing said copy(ies) into an inter-office delivery receptacle located in the Clerk's office.

Robert Henderson
2111 Williams Street, Apt. 105
Long Beach, CA 90810

Dated: June 28, 2007

Richard W. Wieking, Clerk
By: Rose Maher, Deputy Clerk