IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ROBERT HENDERSON,<br><br>        Plaintiff,<br><br>    v.<br><br>ALAMEDA COUNTY MEDICAL CENTER and HAAPALA, ALTURA, THOMPSON, ABERN, LLP,<br><br>        Defendants.<br>_____ / | No. C 07-2693 CW<br><br>ORDER ADOPTING MAGISTRATE JUDGE'S ORDER AND DENYING PLAINTIFF'S MOTION FOR DEFAULT JUDGMENT |

On May 21, 2007, Plaintiff Robert Henderson filed his complaint in this action. On June 28, 2007, the Magistrate Judge originally assigned to the case issued an Order Dismissing Complaint with Leave to Amend by July 27, 2007 and Requiring an Amended Application to Proceed In Forma Pauperis (IFP) (June 28, 2007 Order). On July 5, 2007, Plaintiff filed an objection to the June 28, 2007 Order and moved for a ninety-day extension to file an amended complaint. However, on July 24, 2007, Plaintiff filed a first amended complaint (FAC) within the time allotted in the June 27, 2007 Order. On September 10, 2007, Plaintiff filed a motion for default judgment based on the fact that none of the Defendants filed an answer. Having considered all of the papers filed by Plaintiff and the June 28, 2007 Order, the Court adopts the

Magistrate Judge's Order.  Because Plaintiff's complaint has not yet been served on Defendants, Plaintiff's motion for default judgment is DENIED.

## BACKGROUND

In the June 28, 2007 Order, the Magistrate Judge ruled that Plaintiff failed to include enough information in his application to proceed IFP to allow a proper evaluation of whether the application should be granted or denied.  The order provided detailed information regarding the deficiencies in the application to proceed IFP.  The Magistrate Judge also concluded that, in his complaint, Plaintiff had failed to state a claim upon which relief could be granted and provided detailed information regarding the deficiencies in the complaint.

In his original complaint, Plaintiff sued Defendants Alameda County Medical Center and its attorneys on the ground that "they conspired to deny the plaintiff his right to a fair trial in a California court by omitting parts of the written record." Apparently, this allegation is related to the fact that Defendants denied, allegedly without reason, Plaintiff's request for permission to file a late claim in his state court action against them.  Plaintiff does not indicate what the late claim was. Plaintiff also alleges that he is a veteran who suffers from combat-related Post Traumatic Stress Disorder (PTSD) and has been rated 100% disabled by the Department of Veterans' Affairs (VA). Based on these allegations, Plaintiff brought three claims: (1) violation of California Government Code § 946.6(c)(3) regarding exceptions for presenting late claims; (2) deprivation of his civil

rights, which are unspecified in the complaint; and (3) violation of the Americans with Disabilities Act (ADA), 42 U.S.C. § 12101 et seq.

Plaintiff does not object to the Magistrate Judge's ruling that his allegations fail to state a claim upon which relief can be granted. Instead, he objects to the fact that the Magistrate Judge indicated that veterans' benefits are not exempt from court filing fee requirements: Plaintiff claims that 38 U.S.C. § 5301(a)(1) provides that court costs, including filing fees, are exempt.

Section 5301(a)(1) provides, in relevant part:

> Payments of benefits due or to become due under any law administered by the Secretary shall not be assignable except to the extent specifically authorized by law, and such payments made to, or on account of, a beneficiary shall be exempt from taxation, shall be exempt from the claim of creditors, and shall not be liable to attachment, levy or seizure by or under any legal or equitable process whatever . . .

38 U.S.C. § 5301(a)(1)

As indicated by the Magistrate Judge, this statute does not provide that veterans' benefits are exempt from court filing fees. Plaintiff argues that the non-assignability and anti-attachment provisions of § 5301(a)(1) have been interpreted by other courts as requiring waiver of all court costs. However, Plaintiff provides no authority for this interpretation of § 5301(a)(1) nor any evidence that other courts have interpreted it in this manner.

Therefore, the June 28, 2007 Magistrate Judge's Order is adopted in regard to the deficiencies in Plaintiff's application to proceed IFP.

3

CONCLUSION

For the foregoing reasons, the Magistrate Judge's June 28, 2007 Order is adopted in regard to Plaintiff's request to proceed IFP. Therefore, Plaintiff must submit an amended request to proceed IFP remedying the deficiencies noted in the June 28, 2007 Order, or he must pay the filing fee. If he does neither by November 5, 2007, this case will be dismissed for failure to prosecute. Plaintiff's motion for default judgment (Docket # 14) is DENIED.

IT IS SO ORDERED.

Dated: 10/3/07

CLAUDIA WILKEN
United States District Judge

UNITED STATES DISTRICT COURT
FOR THE
NORTHERN DISTRICT OF CALIFORNIA

HENDERSON et al,

        Plaintiff,

v.

ALAMEDA COUNTY MEDICAL CENTER et al,

        Defendant.

Case Number: CV07-02693 CW

**CERTIFICATE OF SERVICE**

I, the undersigned, hereby certify that I am an employee in the Office of the Clerk, U.S. District Court, Northern District of California.

That on October 3, 2007, I SERVED a true and correct copy(ies) of the attached, by placing said copy(ies) in a postage paid envelope addressed to the person(s) hereinafter listed, by depositing said envelope in the U.S. Mail, or by placing said copy(ies) into an inter-office delivery receptacle located in the Clerk's office.

Robert Henderson
2111 Williams Street, Apt. 105
Long Beach, CA 90810

Dated: October 3, 2007

        Richard W. Wieking, Clerk
        By: Sheilah Cahill, Deputy Clerk

5