Robert Henderson, *in pro per*
2111 Williams St., apt. 105
Long Beach, CA 90810
(562) 760-6241



**FILED**

OCT 1 6 2007

RICHARD W. WIEKING
CLERK, U.S. DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA
OAKLAND

UNITED STATES DISTRICT COURT

Northern California

Oakland

Robert Henderson,
Plaintiff

v

Alameda County Medical Center,
Haapala, Altura, Thompson, Abern, L.L.P,
Defendants

Case no. C-072693-CW

Amended Request to Precede IFP, (in *forma pauperis*)

1. U.S. District Court: case no. C-072693, (hereafter; this Court) has notified the plaintiff that to proceed further he must present direct evidence, and supporting legal precedent that his veteran's benefits; awarded under 38 USC § 5301(a) (1), are exempt from court costs and filing fees.

2. The plaintiff's, (Robert Henderson), entire income is derived from award by the Secretary of Veteran Affairs, (VA), for 100% service-connected disability. Neither this Court nor the Magistrate denies this point.

3. California Government Code § 68511.3 (a) (6); identifies different categories of litigants for whom permission to proceed in forma pauperis must be granted. The first category is individuals receiving government

1

benefits from specified public assistance and supplemental income programs. See Cruz v. Superior Court, 19 Cal. 4th 1232.

4. California law specifically denies any court any discretion whatsoever to deny IFP filing status to a disabled veteran whose entire income is VA service connected disability. The plaintiff has made two separate notifications of his immune income status.

5. The Federal rules of Evidence, rule 302 clearly states that in civil actions and proceedings, the effect of a presumption respecting a fact which is an element of a claim to which State law supplies the rule of decision is determined in accordance with State law. The discretion of federal courts is directly subject to these state statutory standards.

6. 28 U.S.C. § 1915(a) (1), makes it patently clear Congress did not intend for parties with exempt income to be barred from being able to proceed *informa pauperis* as litigants in federal courts. See Floyd v. United States Postal Serv., 105 F.3d 264, Schagene v. United States, 37 Fed. C I. 661. The plaintiff has made both this Court and the Magistrate aware of the explicit nature of his protected VA disability income twice. Congress specifically created the immunity, anti-attachment clause to "prevent the deprivation and depletion of the means of subsistence" of the beneficiaries of the federal payments; (quoting S. Rep. No. 94-1243, pp. 147-148 (1976)). To do otherwise now creates a direct conflict with the Supremacy Clause of the U.S. Constitution. The federal courts, like the state courts are not the intended beneficiaries of plaintiff's VA disability benefits and

2

cannot claim these benefits through the disguise of filing fees. See Bennett v Arkansas, 485 U.S. 395.

7. The U.S. Supreme Court has specifically rejected even the need for tracing legislatively exempt funds given their unique character, even if they are intermingled with other funds. See Sereboff v Mid-Atlantic, Medical Services, (2006) 126 U.S. Crt. 1869. However in the plaintiff's income statement to the Magistrate, it is clear his VA disability is his only source of income and has no other income whatsoever.

8. This Court's additional demand, that the plaintiff provide direct proof of "other courts" specific, discretional recognition of the immunity of VA disability income from filing fees, creates separate and unequal standards in both federal and state law for disabled veterans' income. To require such proof explicitly ignores an entire body of law previously decided by the courts holding VA disability income immune from filing fees. As the plaintiff has no income this Court can review, this Court has no power to deny the plaintiff a right to a civil trial by jury solely because it chooses to ignore an entire body of law for the express benefit of the defendants. Adoption of the Magistrates' order five months after the plaintiff's timely filing and service of an amended complaint is an unconcealed attempt to create an insurmountable bar to the unambiguous, 7th Amendment constitutional right to a civil trial.

9. Yet despite the overtly Jim Crow nature, and thoroughly illegitimacy of this Court's demands, the disabled veteran plaintiff can and does supply

3

unequivocal evidence of "other court's" lawful and correct grant of immunity from court fees based on VA disability. See plaintiff Exhibit 1; Robert Henderson v. Superior Court of Los Angeles County, case no. B196267: order of the California Court of Appeals, 2nd District, Division 5, dated: February 15, 2007, and Robert Henderson v. Superior Court of Los Angeles County, case no. B196267: order of Superior Court of California of Los Angeles County dated March 1, 2007, and California Court form FW-001, Robert Henderson's Application for Waiver of Court Fees and Costs dated: January 3, 2007.

10. Officers of the federal Court are required to know, or should have known, all of the germane federal and state law, and precedent cited above. Again, the plaintiff has made two separate notifications of the immune status of his income. The above California Court researched the immune income issue and delivered its order in five days. Five months after filing of the amended complaint, and in a transparent abuse of discretion, this Court rules that it is the plaintiff, as an untrained *pro se*, express duty both to prove a federal Magistrate wrong, and argue his 7th amendment right to file a civil action without payment of fees. The very existence of the anti-attachment clause for VA disability income automatically compels and preempts this court's decision to disallow filing. It is anticipatory legal knowledge this Court is duty-bound to provide. The amended complaint should be filed and served promptly.

Robert Henderson                                   October 14, 2007

*Robert Henderson*

4

Plaintiff Exhibit 1

(Five pages)

Case 4:07-cv-02693-CW   Document 16   Filed 10/16/2007   Page 5 of 10

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION FIVE

| | |
|---|---|
| ROBERT HENDERSON,<br><br>Petitioner,<br><br>v.<br><br>THE SUPERIOR COURT OF LOS ANGELES COUNTY,<br><br>Respondent. | B196267<br><br>(Super. Ct. No.: pending)<br><br>(Mark C. Kim, Supervising Judge)<br><br>**ORDER** |

TO THE SUPERIOR COURT OF LOS ANGELES COUNTY:

The court has read and considered the petition for writ of mandate, filed January 24, 2007, along with the supplemental exhibit filed February 8, 2007. Petitioner seeks an order directing you to grant his application for a fee waiver in full, or to hold a hearing as to why that application was not granted. Based on the record before the court, it appears petitioner is entitled to relief. (Gov. Code, § 68511.3; *Cruz v. Superior Court* (2004) 120 Cal.App.4th 175, 180.)

You are hereby notified that the court is considering issuance of a peremptory writ in the first instance directing you to enter such an order. (*Lewis v. Superior Court* (1999) 19 Cal.4th 1232, 1240-1241; *Alexander v. Superior Court* (1993) 5 Cal. 4th 1218, 1222-1223; *Ng v. Superior Court* (1992) 4 Cal.4th 29, 35; (*Palma v. U.S. Industrial Fasteners, Inc.* (1984) 36 Cal.3d 171, 180) You may avoid the issuance of a peremptory writ by entering an order granting petitioner's

fee waiver application in full or by setting a hearing to determine why the application should not be granted. If you elect to do so, you are directed to transmit to this court a copy of the order reflecting your action on or before March 5, 2007. If you elect not to proceed as we have suggested, you are directed to serve and file plenary opposition to the petition on or before March 14, 2007.

WITNESS THE HONORABLE ORVILLE A. ARMSTRONG, Acting Presiding Justice of Division Five of the Court of Appeal of the State of California, Second Appellate District.

ATTEST my hand and the seal of this court this 15 day of February 2007.

JOSEPH A. LANE, Clerk

By _____
Deputy Clerk

**SUPERIOR COURT OF CALIFORNIA, COUNTY OF LOS ANGELES**
DEPT SOJ

| | | | |
|---|---|---|---|
| DATE: MARCH 1, 2007<br>HONORABLE MARK C KIM<br>MICHELLE GRAVES | Judge<br>Deputy Sheriff | EMA ALVAREZ<br>NONE | Deputy Clerk<br>Reporter |

(Parties and Counsel present if checked)

Case No: PENDING

PEOPLE OF THE STATE OF CALIFORNIA      Plaintiff      Counsel for People
                                                      Deputy District Attorney: NONE (NP)

vs

ROBERT HENDERSON (NP)      Petitioner      Counsel for Defendant: NONE

NATURE OF PROCEEDINGS: ORDER FROM THE COURT OF APPEAL RE: APPLICATION FOR FEE WAIVER

THE COURT IS IN RECEIPT OF AN ORDER FROM THE COURT OF APPEAL, SECOND APPELLATE DISTRICT REGARDING THE ABOVE PETITIONER. THE ABOVE PETITIONER HEREBY SEEKS AN ORDER DIRECTING THIS COURT TO GRANT HIS APPLICATION FOR A FEE WAIVER IN FULL.

THE COURT REVIEWS THE MATTER AND GRANTS THE RELIEF REQUESTED IN FULL.
THE PETITIONER TO PREPARE A NEW FEE WAIVER FORM AND ATTACH THIS MINUTE ORDER FOR THE PROCESSING OF THE FEE WAIVER AND ANY FILINGS.

A COPY OF THIS MINUTE ORDER IS SENT TO THE ABOVE PETITIONER VIA U.S. MAIL AS FOLLOWS:
ROBERT HENDERSON
2111 WILLIAMS STREET
APT #105
LONG BEACH, CA 90810

A COPY OF THIS MINUTE ORDER FAXED TO THE COURT OF APPEAL, SECOND APPELLATE DISTRICT, ATTENTION DIVISION 5 AT 213/8972430.

MINUTE ORDER      DEPT SOJ      MINUTES ENTERED
                                03/01/07
                                COUNTY CLERK

— *THIS FORM MUST BE KEPT CONFIDENTIAL* —     FW-001

| ATTORNEY OR PARTY WITHOUT ATTORNEY (Name, state bar number, and address): | FOR COURT USE ONLY |
|---|---|
| Robert Henderson<br>2111 Williams St. apt. #105, Long Beach, CA, 90810<br><br>TELEPHONE NO.: (562) 760-6241    FAX NO. (Optional):<br>E-MAIL ADDRESS (Optional):<br>ATTORNEY FOR (Name): in pro per | |
| NAME OF COURT: Superior Court of California, County of Los Angeles<br>STREET ADDRESS: 415 West Ocean Blvd.<br>MAILING ADDRESS:<br>CITY AND ZIP CODE: Long Beach, California 90802<br>BRANCH NAME: South District, Long Beach Courthouse | |
| PLAINTIFF/PETITIONER: Robert Henderson<br>DEFENDANT/RESPONDENT: Superior Court, Long Beach, CA. | |
| APPLICATION FOR<br>WAIVER OF COURT FEES AND COSTS | CASE NUMBER: original writ |

I request a court order so that I do not have to pay court fees and costs.

1. a. [✓] I am *not* able to pay any of the court fees and costs.
   b. [ ] I am able to pay *only* the following court fees and costs (specify):

2. My current street or mailing address is (if applicable, include city or town, apartment no., if any, and zip code):
   2111 Williams St. apt. #105, Long Beach, CA, 90810

3. a. My occupation, employer, and employees address are (specify):
   100 % VA disabled. VA disability only source of income.
   b. My spouse's occupation, employer, and employees address are (specify):
   no spouse

4. [ ] I am receiving financial assistance under one or more of the following programs:
   a. [ ] **SSI and SSP:** Supplemental Security Income and State Supplemental Payments Programs
   b. [ ] **CalWORKs:** California Work Opportunity and Responsibility to Kids Act, implementing TANF, Temporary Assistance for Needy Families (formerly AFDC)
   c. [ ] **Food Stamps:** The Food Stamp Program
   d. [ ] **County Relief, General Relief (G.R.), or General Assistance (G.A.)**

5. If you checked box 4, you must check and complete **one of the three boxes below, unless you area defendant in an unlawful detainer action. Do not check more than one box.**
   a. [ ] *(Optional)* My Medi-Cal number is (specify):
   b. [✓] *(Optional)* My social security number is (specify):
   [4][9][8] - [4][8] - [2][8][3][0] and my date of birth is (specify): December 6, 1946
   *[Federal law does not require that you give your social security number. However, if you don't give your social security number, you must check box c and attach documents to verify the benefits checked in item 4.]*
   c. [ ] I am attaching documents to verify receipt of the benefits checked in item 4, if requested by the court.
   *[See Form FW-001-INFO, Information Sheet on Waiver of Court Fees and Costs, available from the clerk's office, for a list of acceptable documents.]*

*[If you checked box 4 above, skip items 6 and 7, and sign at the bottom of this side.]*

6. [ ] My total gross monthly household income is less than the amount shown on the *Information Sheet on Waiver of Court Fees and Costs* available from the clerk's office.

*[If you checked box 6 above, skip item 7, complete items 8, 9a, 9d, 9f, and 9g on the back of this form, and sign at the bottom of this side.]*

7. [✓] My income is not enough to pay for the common necessaries of life for me and the people in my family whom I support and also pay court fees and costs. *[If you check this box, you must complete the back of this form.]*

| WARNING: You must immediately tell the court if you become able to pay court fees or costs during this action. You may be ordered to appear in court and answer questions about your ability to pay court fees or costs. |
|---|

I declare under penalty of perjury under the laws of the State of California that the information on both sides of this form and all attachments are true and correct.

Date: January 3, 2007

Robert Henderson                 ▶ *Robert Henderson*

(TYPE OR PRINT NAME)    (Financial information on reverse)    (SIGNATURE)    Page 1 of 2

Form Adopted for Mandatory Use<br>Judicial Council of California<br>FW-001 [Rev. January 1, 2007]     **APPLICATION FOR WAIVER OF COURT FEES AND COSTS**<br>**(Fee Waiver)**     Government Code,<br>§ 68511.3<br>www.courtinfo.ca.gov

American LegalNet, Inc.<br>www.FormsWorkflow.com

FW-001

| PLAINTIFF/PETITIONER: Robert Henderson | CASE NUMBER: |
|---|---|
| DEFENDANT/RESPONDENT: Superior Court, Long Beach, CA. | original writ |

## FINANCIAL INFORMATION

8. ☐ My pay changes considerably from month to month. *[If you check this box, each of the amounts reported in item 9 should be your average for the past 12 months.]*

9. **MY MONTHLY INCOME**
   a. My gross monthly pay is: .............. $ 2390.00
   b. **My payroll deductions are** *(specify purpose and amount)*:
      (1) _____ $ _____
      (2) _____ $ _____
      (3) _____ $ _____
      (4) _____ $ _____
      My TOTAL payroll deduction amount is: $ 0
   c. My monthly take-home pay is
      (a. minus b.): ...................... $ 2390.00
   d. Other money I get each month is *(specify source and amount;* include spousal support, child support, parental support, support from outside the home, scholarships, retirement or pensions, social security, disability, unemployment, military basic allowance for quarters (BAQ), veterans payments, dividends, interest or royalty, trust income, annuities, net business income, net rental income, reimbursement of job-related expenses, and net gambling or lottery winnings):
      (1) _____ $ _____
      (2) _____ $ _____
      (3) _____ $ _____
      (4) _____ $ _____
      The TOTAL amount of other money is: $ 0
      *(If more space is needed, attach page labeled Attachment 9d.)*
   e. **MY TOTAL MONTHLY INCOME IS**
      (c. plus d.): ...................... $ 2390.00
   f. Number of persons living in my home: _____
      Below list all the persons living in your home, including your spouse, who depend in whole or in part on you for support, or on whom you depend in whole or in part for support:

      | Name | Age | Relationship | Gross Monthly Income |
      |---|---|---|---|
      | (1) none | | | $ |
      | (2) | | | $ |
      | (3) | | | $ |
      | (4) | | | $ |
      | (5) | | | $ |

      The TOTAL amount of other money is: $ 0
      *(If more space is needed, attach page labeled Attachment 9f.)*
   g. **MY TOTAL GROSS MONTHLY HOUSEHOLD INCOME IS**
      (a. plus d. plus f): ............... $ 2390.00

10. I own or have an interest in the following property:
    a. Cash ....................... $ 5.00
    b. Checking, savings, and credit union accounts (list *banks*):
       (1) Washington Mut  $ 5.00
       (2) _____ $ _____
       (3) _____ $ _____
       (4) _____ $ _____

    c. Cars, other vehicles, and boats *(list make, year, fair market value (FMV), and loan balance of each)*:

    | Property | FMV | Loan Balance |
    |---|---|---|
    | (1) 1998 Volvo | $ 2000.00 | $ none |
    | (2) | $ | $ |
    | (3) | $ | $ |

    d. Real estate *(list address, estimated fair market value (FMV), and loan balance of each property)*:

    | Property | FMV | Loan Balance |
    |---|---|---|
    | (1) none | $ | $ |
    | (2) | $ | $ |
    | (3) | $ | $ |

    e. Other personal property — jewelry, furniture, furs, stocks, bonds, etc. *(list separately)*:
       $ _____

11. **My monthly expenses not already listed in item 9b above are the following:**
    a. Rent or house payment & maintenance    $ 700.00
    b. Food and household supplies ........    $ 500.00
    c. Utilities and telephone ............    $ 85.00
    d. Clothing ...........................    $ 0
    e. Laundry and cleaning ...............    $ 40.00
    f. Medical and dental payments ........    $ 0
    g. Insurance (life, health, accident, etc.) $ 0
    h. School, child care .................    $ 0
    i. Child, spousal support (prior marriage) $ 0
    j. Transportation and auto expenses
       (insurance, gas, repair) ...........    $ 625.00
    k. Installment payments *(specify purpose and amount)*:
       (1) storage       $ 240.00
       (2) health club   $ 116.00
       (3) _____ $ _____
       The TOTAL amount of monthly
       installment payments is: ...........    $ 356.00
    l. Amounts deducted due to wage assignments and earnings withholding orders: $ 0
    m. Other expenses *(specify)*:
       (1) personal loans  $ 37,200.00
       (2) _____ $ _____
       (3) _____ $ _____
       (4) _____ $ _____
       (5) _____ $ _____
       The TOTAL amount of other monthly
       expenses is: ......................     $ 75.00
    n. **MY TOTAL MONTHLY EXPENSES ARE**
       (add a. through m.): ..............     $ 2381.00

12. Other facts that support this application are *(describe unusual medical needs, expenses for recent family emergencies, or other unusual circumstances or expenses to help the court understand your budget; if more space is needed, attach page labeled Attachment 12)*:

**WARNING: You must immediately tell the court if you become able to pay court fees or costs during this action. You may be ordered to appear in court and answer questions about your ability to pay court fees or costs.**

FW-001 (Rev. January 1, 2007)     **APPLICATION FOR WAIVER OF COURT FEES AND COSTS**     Page 2 of 2
(Fee Waiver)