IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ROBERT HENDERSON,<br><br>        Plaintiff,<br><br>    v.<br><br>ALAMEDA COUNTY MEDICAL CENTER et al.,<br><br>        Defendant.<br>                                          / | No. C 07-02693CW<br><br>ORDER DENYING PLAINTIFF'S MOTIONS FOR CHANGE OF VENUE, FOR RECONSIDERATION AND FOR APPOINTMENT OF COUNSEL AND ALLOWING PLAINTIFF TO FILE AMENDED <u>IN FORMA PAUPERIS</u> APPLICATION |

    On October 3, 2007, the Court issued an Order adopting the Magistrate Judge's ruling that Plaintiff failed to include enough information in his application to proceed <u>in forma pauperis</u> (IFP) to allow a proper evaluation of whether the application should be granted or denied.  Plaintiff had objected to the Magistrate Judge's ruling, claiming that 38 U.S.C. § 5301(a)(1) provides that income from veterans' benefits is exempt from court filing fees. Plaintiff argued that because veterans' benefits comprised his entire income, he should not have to pay the court filing fee.

    In the October 3, 2007 Order, the Court adopted the Magistrate Judge's holding that § 5301(a)(1), which provides that veterans' benefits are not assignable or attachable, does not require that

court costs be waived. The Court held that by November 5, 2007, Plaintiff could submit an amended request to proceed IFP remedying the deficiencies noted in the Magistrate Judge's Order.

On October 16, 2007, Plaintiff filed an amended request to proceed IFP and a motion for change of venue due to the district court's alleged abuse of discretion. Having read the papers filed by Plaintiff, the Court DENIES his amended request to proceed IFP and his motion for change of venue.

## DISCUSSION

I. Change of Venue Due to Abuse of Discretion

Plaintiff argues that, by denying his request for IFP status, this Court has created a manifest injustice for United States veterans and therefore the Court must recuse itself and transfer venue to the United States District Court in Los Angeles. The Court analyzes this as a motion for recusal.

Recusable bias must be both personal and extrajudicial. United States v. Carignan, 600 F.2d 762, 763-64 (9th Cir. 1979). This means that the bias must be "directed against the party" and cannot arise out of judicial acts. Id. As the Supreme Court has held, "[t]he alleged bias and prejudice to be disqualifying must stem from an extrajudicial source and result in an opinion on the merits on some basis other than what the judge learned from his participation in the case." United States v. Grinnell Corp., 384 U.S. 563, 583 (1966). The source of bias must be extrajudicial because the recusal statutes were "never intended to enable a discontented litigant to oust a judge because of adverse rulings made, for such rulings are reviewable otherwise." Ex parte

1  American Steel Barrel Co., 230 U.S. 35, 44 (1913).  The test for
2  recusable bias is "whether or not given all the facts of the case
3  there are reasonable grounds for finding that the judge could not
4  try the case fairly, either because of the appearance or the fact
5  of bias or prejudice." United States v. Conforte, 624 F.2d 869,
6  881 (9th Cir. 1980).

7      Plaintiff has not identified any extrajudicial source of bias
8  that would support a motion for recusal.  The two cases Plaintiff
9  cites to support his argument are not on point.  See Bradley v.
10 Richmond School Bd., 416 U.S. 696 (1974) (addressing the award of
11 attorneys' fees in a school desegregation case) and Aeroject-
12 General Corp. v. American Arbitration Ass'n, 478 F.2d 248 (9th Cir.
13 1973) (addressing reasonableness of location chosen to hold
14 arbitration hearing).  There are no grounds for recusal and
15 Plaintiff's motion to transfer venue is DENIED.

16 II. Amended Request to Proceed IFP

17     In his amended request to proceed IFP, Plaintiff does not
18 remedy the deficiencies noted in the Magistrate Judge's Order.
19 Rather, Plaintiff repeats his arguments that court fees are waived
20 for litigants whose income is derived solely from veterans'
21 benefits.  Therefore, the Court construes this as a motion for
22 leave to file a motion for reconsideration of its October 3, 2007
23 Order.

24     Motions for reconsideration are not a substitute for appeal or
25 a means of attacking some perceived error of the court.  Twentieth
26 Century-Fox Film Corp. v. Dunnahoo, 637 F.2d 1338, 1341 (9th Cir.
27 1980).  "[T]he major grounds that justify reconsideration involve

28

**United States District Court**
For the Northern District of California

1 an intervening change of controlling law, the availability of new
2 evidence, or the need to correct a clear error or prevent manifest
3 injustice."  Pyramid Lake Paiute Tribe of Indians v. Hodel, 882
4 F.2d 364, 369 n.5 (9th Cir. 1989) (quoting United States v. Desert
5 Gold Mining Co., 433 F.2d 713, 715 (9th Cir. 1970)).

     Plaintiff does not present any new facts or law in his motion. Rather, he reiterates the arguments previously raised in his objection to the Magistrate Judge's Order.  These arguments do not warrant reconsideration.  In support of his argument, Plaintiff attaches an order from the California Court of Appeal in Henderson v. The Superior Court of Los Angeles County, No. B196267 (February 15, 2007) directing the trial court to grant Plaintiff's fee waiver request.  However, in that order, the appellate court relied on Cruz v. Superior Court, 120 Cal. App. 4th 175, 180 (2004), which addressed the right of indigent litigants to proceed IFP; it did not address the issue presented here, whether court fees are waived when the litigant's income consists solely of veterans' benefits. Thus, the Court denies Plaintiff's motion for leave to file a motion for reconsideration.

## CONCLUSION

    Based upon the foregoing, the Court DENIES Plaintiff's motions for a change of venue and for reconsideration.  Plaintiff is granted leave to file an IFP application in keeping with the Magistrate's instructions or Plaintiff may file the complaint as a paid complaint.  If Plaintiff does not do either of these things within ten days from the date of this order, his case shall be dismissed for failure to prosecute.  Plaintiff's request for

4

appointment of counsel is denied.

IT IS SO ORDERED.

Dated: 11/2/07

CLAUDIA WILKEN
United States District Judge

UNITED STATES DISTRICT COURT
FOR THE
NORTHERN DISTRICT OF CALIFORNIA

HENDERSON et al,

        Plaintiff,

v.

ALAMEDA COUNTY MEDICAL CENTER et al,

        Defendant.

Case Number: CV07-02693 CW

**CERTIFICATE OF SERVICE**

I, the undersigned, hereby certify that I am an employee in the Office of the Clerk, U.S. District Court, Northern District of California.

That on November 2, 2007, I SERVED a true and correct copy(ies) of the attached, by placing said copy(ies) in a postage paid envelope addressed to the person(s) hereinafter listed, by depositing said envelope in the U.S. Mail, or by placing said copy(ies) into an inter-office delivery receptacle located in the Clerk's office.

Robert Henderson
2111 Williams Street, Apt. 105
Long Beach, CA 90810

Dated: November 2, 2007

        Richard W. Wieking, Clerk
        By: Sheilah Cahill, Deputy Clerk